## PEOPLE *v.* ANDERSON

1. CRIMINAL LAW—GUILTY PLEA—TRUTH OF PLEA.

   The truth of a guilty plea has been reasonably ascertained when the trial judge, after questioning the defendant as required by court rule and case law, ascertains that there is a factual basis for the plea and that it is a truthful, honest plea of guilty to an offense of which the accused might well be convicted upon trial.

2. CRIMINAL LAW—PLEA OF GUILTY—PLEA BARGAINING—TRIAL JUDGE.

   Trail court's acknowledgment of previous plea bargaining, without more, is insufficient grounds for the withdrawal of a guilty plea.

3. CRIMINAL LAW—PLEA OF GUILTY—PLEA BARGAINING.

   A fulfilled promise not to prosecute a criminal defendant for another charge pending against him is not a ground for vacating his guilty plea to a charge even if it induced that plea.

Appeal from Alpena, Philip J. Glennie, J. Submitted Division 3 January 7, 1970, at Grand Rapids. (Docket No. 7,178.) Decided February 24, 1970.

Leroy Wayne Anderson was convicted, on his plea of guilty, of unarmed robbery. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 21 Am Jur 2d, Criminal Law § 484 *et seq.*
Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Roger C. Bauer,* Prosecuting Attorney, for the people.

*Beverly J. Clark,* for defendant on appeal.

Before: V. J. Brennan, P. J., and R. B. Burns and T. M. Burns, JJ.

Per Curiam. Defendant was charged with armed robbery on two separate and unrelated complaints, contrary to CL 1948, § 750.529 (Stat Ann 1954 Rev § 28.797). He filed an affidavit of indigency and was furnished different counsel for each charge. He was arraigned on one of the armed robbery charges, and pleaded not guilty. Thereafter, an amended information was filed, adding Count II, unarmed robbery, MCLA § 750.530 (Stat Ann 1954 Rev § 28.798) to the Count I charge of armed robbery. At a second arraignment, defendant, with the same counsel, entered a plea of guilty to the unarmed robbery charge in Count II. The armed robbery complaints were dismissed. Defendant contends that the plea was not freely and voluntarily made because of the following colloquy between court and counsel at the time of sentencing:

"*Mr. Wenzel [defense counsel]:* Well, your Honor, it is my understanding that—with Mr. Kowalski [*prosecutor*] that the other charges would be nolle-prossed at this time. It that correct, Mr. Meden? [*Assistant prosecutor.*]

"*The Court:* My understanding is that the other matter will be dismissed.

"*Mr. Meden:* Yes, count one will be dismissed.

"*Mr. Wenzel:* — and the other charges against Mr. Anderson—

"*Mr. Gillard:* I represent Mr. Anderson on the other charges [*unrelated unarmed robbery com-*

*plaint*] and it is my understanding that that would be dismissed.

*"The Court:* Well, I'm sure Mr. Kowalski will honor his commitments with these other gentlemen and dismiss all those other charges—  * * *  *."*

Armed robbery carries a penalty of confinement for life or for any term of years. The maximum for unarmed robbery is 15 years. Defendant contends, in view of the possible longer armed robbery sentence, that he became the victim of plea bargaining and was coerced into making the plea of guilty to the lesser charge of unarmed robbery, in violation of GCR 1963, 785.3(2). The defendant's minimum sentence was set at five years, with 139 days credit for time served.

Defendant, in the presence of his counsel, made the following admission to the court:

*"The Court:* Out of his wallet? So you took it [*money*] from the person of this Theodore Blevins, is that right?

*"Defendant:* Yes."

The truth of a guilty plea has been reasonably ascertained when the trial judge, after questioning the defendant as required by court rule and case law, ascertains that there is a factual basis for the plea, and that the plea is a truthful, honest plea of guilty to an offense of which the accused person might well be convicted upon trial. *People v. Bartlett* (1969), 17 Mich App 205.

The record in the instant case clearly establishes that the court properly accepted the plea. Defendant's contention that the sentencing judge took an active part in the charge reduction, thereby in some way forcing him to plead guilty to the lesser crime of unarmed robbery, is unsupported by the record. Court acknowledgment of previous plea bargain-

ing, without more, is insufficient grounds for withdrawing the plea. *People* v. *Earegood* (1968), 12 Mich App 256.

Defendant's claim that his plea was induced by a promise that another charge pending against him would not be prosecuted is supported in the record. However, the promise has evidently been kept, and a fulfilled promise of such a nature is not a ground for vacating a guilty plea, even if the plea was induced thereby. *People* v. *Kindell* (1969), 17 Mich App 22.

Acceptance of guilty plea and conviction affirmed.