PEOPLE v. GAINES

1. Criminal Law—Plea of Guilty—Voluntariness—Motion to Withdraw.

Defendant's motion to withdraw his plea of guilty was properly denied where the trial court, after a hearing on the motion, found that the plea was made voluntarily and made because defendant was, in fact, guilty.

2. Criminal Law—Plea of Guilty—Plea-Bargaining—Inducement.

A fulfilled promise of charge reduction is not grounds for vacating a plea of guilty even if the plea was induced thereby.

Appeal from Muskegon, Albert J. Engel, J. Submitted Division 3 August 25, 1970, at Grand Rapids. (Docket No. 7,561.) Decided October 26, 1970.

Paul C. Gaines was convicted, on his plea of guilty, of unarmed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Paul M. Ladas,* Prosecuting Attorney, *Lawrence R. Backofen,* Assistant Prosecuting Attorney, for the people.

*Norman C. Halbower,* for defendant on appeal.

References for Points in Headnotes
[1] 21 Am Jur 2d, Criminal Law §§ 491, 503–506.
[2] 21 Am Jur 2d, Criminal Law §§ 485, 493, 494.

Before: T. M. BURNS, P. J., and R. B. BURNS and FITZGERALD, JJ.

PER CURIAM. Defendant pled guilty to the felony of robbery unarmed* and was sentenced to a term of seven to fifteen years in prison. Subsequent to the guilty plea, but prior to the sentencing, the defendant gave a statement to the prosecutor's office for the purpose of building a possible charge against another party. In this statement, the defendant asserted his own innocence and indicated that this other party was the sole participant in the robbery. In a motion for withdrawal of the guilty plea, made subsequent to sentencing, the defendant asserted that he was prejudiced by the prosecutor's failure to fully inform defense counsel and the trial court of his exculpatory testimony made in the statement he gave the prosecutor, and he asserted that his plea was not voluntary. After a hearing in which the defendant, defense counsel, the prosecutor, and the officer in charge of the case gave testimony, the trial court found that the guilty plea was voluntarily made and made because defendant was, in fact, guilty. The motion to withdraw the guilty plea was denied. From this denial defendant appeals.

Whatever prejudice might have resulted from the alleged failure of the prosecutor to fully inform the trial court and defense counsel of defendant's statement of his innocence was cured by the full hearing given defendant's motion to withdraw his guilty plea. A motion to withdraw a guilty plea, whether made before or after sentencing, is addressed to the discretion of the trial court. *People* v. *Cantu* (1969), 20 Mich App 695. While the prosecutor may have been remiss in failing to clearly inform the court and defense counsel of the defendant's

---

* MCLA § 750.530 (Stat Ann 1962 Rev § 28.798).

allegations of innocence, it cannot be said that this worked an undue prejudice upon the defendant's motion to withdraw the guilty plea. We also note that the trial court asked the defendant at the sentencing hearing if he had anything to say before sentence was passed; to this question the defendant responded negatively.

The sole question that is now before this Court is thus whether the trial court abused its discretion in finding the defendant's plea to be voluntary, and thereby denying the motion to withdraw the guilty plea. The guilty plea was extensive and complete. The defendant was fully informed of his rights and was questioned as to the facts of the crime and defendant's participation therein. In answer to the court's questions, the defendant stated that he was pleading guilty because he was guilty, he had not been coerced, and no promises of leniency had been made to him if he offered the plea.

In his motion for withdrawal of the guilty plea and at the hearing the defendant asserted that he was innocent and had pled guilty only because he did not want to face a charge of robbery armed. A fulfilled promise of charge reduction is not grounds for vacating a guilty plea even if the plea was induced thereby. *People* v. *Anderson* (1970), 22 Mich App 61; *People* v. *Leflore* (1969), 20 Mich App 588; *People* v. *Kindell* (1969), 17 Mich App 22. After an extensive hearing, the trial court found that the plea was voluntary and the plea was made by defendant because he was guilty. We can find nothing in the record which would demand this Court to find that the trial court's findings are in error. The trial court properly exercised its discretion in denying the motion to withdraw the guilty plea.

Affirmed.