PEOPLE *v.* RAINWATER

1. CRIMINAL LAW—BURGLARY—RAPE—PLEA OF GUILTY—EXAMINA-
   TION OF DEFENDANT—APPEAL AND ERROR.

   Contention that court erred in accepting defendant's plea of
   guilty of the crime of breaking and entering an occupied
   dwelling with the intent to commit rape because the court
   failed to determine that the defendant knew what "rape"
   entailed and what "sexual relations" meant, and failed to deter-
   mine that defendant had a felonious intent at the time of the
   breaking and entering, and contention that a sentence of 13 to
   15 years violates the indeterminate sentence statute, are so un-
   substantial as to need no argument or formal submission (GCR
   1963, 817.5[3]).

2. CRIMINAL LAW—PLEA OF GUILTY—EXAMINATION BY COURT.

   Trial court need not explain to a defendant offering a plea of
   guilty each element of the crime charged, nor must the defend-
   ant acknowledge in his own words each element of the offense,
   for it is necessary only that the court reasonably ascertain
   the truth of the plea.

3. CRIMINAL LAW—SENTENCE—BURGLARY—RAPE.

   A sentence of 14 to 15 years within the maximum established by
   statute for breaking and entering an occupied dwelling house
   with intent to commit rape is within the discretion of the
   trial court and does not prohibit an exercise of discretion by
   the Department of Corrections (MCLA § 750.110).

Appeal from Recorder's Court of Detroit, Joseph
A. Gillis, J.   Submitted Division 1 October 27, 1970,

REFERENCES FOR POINTS IN HEADNOTES
[1]  21 Am Jur 2d, Criminal Law § 93.
[2]  21 Am Jur 2d, Criminal Law §§ 486–492.
[3]  21 Am Jur 2d, Criminal Law § 527.

at Grand Rapids. (Docket No. 8465.) Decided December 7, 1970.

Leonard Rainwater was convicted, on his plea of guilty, of breaking and entering an occupied dwelling with intent to commit rape. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas R. Lewis,* Assistant Prosecuting Attorney, for the people.

*William R. Stackpoole,* for defendant on appeal.

Before: FITZGERALD, P. J., and HOLBROOK and T. M. BURNS, JJ.

PER CURIAM. The people move to affirm (GCR 1963, 817.5[3]) defendant's conviction, on his plea of guilty, of breaking and entering an occupied dwelling house with intent to commit the felony of rape, contrary to MCLA § 750.110 (Stat Ann 1970 Cum Supp § 28.305).

On appeal, defendant contends that the trial court erred in accepting the plea without determining that defendant knew what rape entailed and what sexual relations meant. He also contends there was error because the court failed to determine whether or not defendant had a felonious intent at the time of the breaking. Finally, defendant contends that his 14 to 15 year prison sentence violates the indeterminate sentence statute because it removes all discretion from the Department of Corrections.

It is manifest that the questions sought to be reviewed, on which the decision of the cause depends,

are so unsubstantial as to need no argument or formal submission.

Defendant does not contend that he did not understand the nature of the accusation or that he was unaware of the meaning of the phrase "sexual relations". Nor is there anything in the record to indicate to the trial court that the defendant was unaware of the meaning of the words and phrases which he used to describe his conduct.

Before accepting a plea of guilty, it is not necessary that the trial court explain each element of the crime to the defendant, *People* v. *Melvin* (1969), 18 Mich App 652, or that defendant acknowledge in his own words each and every element of the offense, *People* v. *Donald T. Moore* (1970), 21 Mich App 150. It is necessary only that the trial court reasonably ascertain the truth of the plea. *People* v. *Bartlett* (1969), 17 Mich App 205. We are satisfied from the record in this case that there is a substantial factual basis for the plea.

Finally, the sentence in this case was imposed within the trial court's sound discretion in accord with his evaluation of the defendant as an individual. See *People* v. *Lessard* (1970), 22 Mich App 342. The sentence does not prohibit an exercise of discretion by the Department of Corrections.

Motion to affirm is granted.