PEOPLE v. THOMAS

1. CRIMINAL LAW—PLEA OF GUILTY—TRUTH OF PLEA—EVIDENCE—
SUFFICIENCY.

   Evidence was sufficient to accept defendant's plea of guilty
   of second-degree murder where defendant, charged with first-
   degree murder, acknowledged assaulting the victim, although
   denying that he stabbed her or intended to rape her but in-
   dicated that his accomplice did do so, and where testimony
   at the preliminary examination showed that defendant assaulted
   the victim, grabbed her purse, dragged her into an alley, and
   attempted to rape her, because the testimony at preliminary
   examination confirms his participation in the crime and his
   statements at the plea examination make him an accessory.

2. HOMICIDE—MURDER—AIDING AND ABETTING—CONVICTION AS PRIN-
CIPAL.

   An accessory may be convicted as a principal, so that where de-
   fendant's statements at the taking of his plea of guilty
   were that he did not inflict a fatal wound, his accomplice did,
   but that he assaulted the victim and assisted in attempted
   rape by his accomplice, he may be convicted of murder (MCLA
   § 767.39).

Appeal from Recorder's Court of Detroit, Joseph
A. Gillis, J. Submitted Division 1 December 8,
1970, at Detroit. (Docket No. 9362.) Decided
January 29, 1971.

Booker T. Thomas, Jr., was convicted, on his plea
of guilty, of second-degree murder. Defendant
appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 496.
   40 Am Jur 2d, Homicide § 44 et seq.
[2] 40 Am Jur 2d, Homicide §§ 28, 29, 34.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Gerald S. Surowiec,* for defendant on appeal.

Before: Lesinski, C. J., and Levin and O'Hara,* JJ.

Per Curiam. Defendant Booker Thomas was convicted upon his plea of guilty of second-degree murder. MCLA § 750.317 (Stat Ann 1954 Rev § 28.549). He appeals as of right alleging that the trial court's inquiry into the facts surrounding the guilty plea did not establish a sufficient factual basis for its acceptance pursuant to the requirements of GCR 1963, 785.3, and *People* v. *Barrows* (1959), 358 Mich 267, 272.

Defendant was charged with first-degree murder.[1] Testimony at the preliminary examination showed that defendant assaulted a woman, grabbed her purse, dragged her into an alley and attempted to rape her. The evidence placed defendant at the scene of the murder, alone with the victim, and in possession of a knife. On the basis of the evidence, defendant was bound over for trial.

Before trial, defendant, with assistance of counsel, offered a plea of guilty to the reduced charge of second-degree murder. The trial judge examined defendant, informed him of his constitutional rights, and ascertained that the plea was voluntarily, understandingly and knowingly made. See *Boykin* v.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA § 750.316 (Stat Ann 1954 Rev § 28.548).

*Alabama* (1969), 395 US 238 (89 S Ct 1709, 23 L Ed 2d 274); *People* v. *Jaworski* (1970), 25 Mich App 540; GCR 1963, 785.3.

In response to the trial judge's inquiry, defendant recited his version of the facts. While he denied stabbing the victim and disclaimed any inclination on his part to rape, he admitted the assault and his assistance in the attempted rape. The essence of his story was that while he himself did not inflict the fatal wound, his accomplice did.

The trial court accepted the proffered guilty plea. We affirm the decision of the trial court.

As stated in *People* v. *Bartlett* (1969), 17 Mich App 205, 208:

"The Court rule does not, however, require that the offense to which the defendant pleads guilty must be established beyond peradventure before the trial judge may accept a proffered plea of guilty. It requires, in the words of the *Barrows* Court (p 272), 'reasonable ascertainment of the truth of the plea.' "

The defendant's statements make him an accessory to the crime, and as such he may be convicted as a principal.[2] The testimony given at the preliminary examination confirms defendant's participation in the crime. See *People* v. *Bartlett, supra,* 210. We are convinced that had the case gone to trial, defendant might well have been convicted of either first- or second-degree murder. We find that a sufficient factual basis for the plea existed, and the truth of the plea reasonably ascertained.

Affirmed.

---

[2] MCLA § 767.39 (Stat Ann 1954 Rev § 28.979).