PEOPLE v. ANTHONY

1. CRIMINAL LAW—PLEA OF GUILTY—COURT'S DUTY—EXPLAINING
   ELEMENTS OF CRIME.
   The elements of the crime charged need not be explained by the
   trial court to a defendant before the defendant's plea of guilty
   is accepted; the applicable court rule requires only that the
   trial court inform the defendant of the nature of the accusa-
   tion made against him (GCR 1963, 785.3).

2. LARCENY—INTENT.
   The requisite intent of the defendant to aid in the commission
   of larceny was established where the defendant told the trial
   judge that while his friends chopped a hole in a store roof
   and entered for the purpose of stealing clothes, he stayed out-
   side until he saw the police arriving at the scene, then went
   inside to warn his friends, and was apprehended in the store,
   and that he and his friends intended to share the fruits of
   the crime (MCLA § 767.39).

Appeal from Recorder's Court of Detroit, Joseph
A. Gillis, J. Submitted Division 1 April 8, 1971, at
Detroit. (Docket No. 10611.) Decided April 30,
1971.

Jessie James Anthony was convicted, on his plea
of guilty, of attempted breaking and entering with
intent to commit larceny. Defendant appeals. Af-
firmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 485–488, 505.
[2] 50 Am Jur 2d, Larceny §§ 35–43.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Jack J. Kraizman,* for defendant on appeal.

Before: LESINSKI, C. J., and V. J. BRENNAN and DANHOF, JJ.

PER CURIAM. Defendant Jessie Anthony was convicted upon his plea of guilty of attempted breaking and entering with intent to commit larceny. MCLA § 750.92 (Stat Ann 1962 Rev § 28.287).[1] He appeals as of right, alleging that the trial court did not comply with the requirements of GCR 1963, 785.3 before accepting the guilty plea.

Defendant assigns as error the trial court's failure to explain the elements of the crime of attempted breaking and entering. The court rule requires the trial court to inform the defendant of the nature of the accusation made; there is no requirement that the elements of the crime be explained to a defendant before accepting a plea of guilty. *People* v. *Melvin* (1969), 18 Mich App 652; *People* v. *Washington* (1970), 23 Mich App 638.

Defendant's statements to the court concerning his participation in the crime reveal that while his friends chopped a hole in the roof of a clothing store and entered for the purpose of stealing clothes, defendant stayed outside. When he saw police coming to the scene, he went inside to warn his friends and was apprehended in the store. He admitted that the group intended to share the fruits of the

---

[1] See MCLA § 750.110 (Stat Ann 1971 Cum Supp § 28.305).

crime. The defendant's statements establish the requisite intent to aid in the commission of larceny and make him an accessory to the crime; as such, he may be convicted as a principal.[2]  See *People* v. *Thomas* (1971), 30 Mich App 295.

We find that a sufficient factual basis for the plea existed, and that the truth of the plea was reasonably ascertained.

Affirmed.

---

[2] MCLA § 767.39 (Stat Ann 1954 Rev § 28.979).