PEOPLE v NORMAN

1. CRIMINAL LAW—PLEA OF GUILTY—PLEA BARGAINING—INDUCE-MENT.

A fulfilled prosecutorial promise to dismiss an unrelated charge is not a ground for vacating a defendant's plea of guilty even if the plea was induced by the promise.

2. CRIMINAL LAW—PLEA OF GUILTY—CONSEQUENCES OF PLEA—COURT RULES.

A defendant was sufficiently apprised of the consequences of his plea of guilty as required by the court rules where the statute under which he was convicted was read to him at arraignment, the trial judge and defense counsel specifically advised him of his right to trial by jury and that his plea constituted a waiver of that right, and where the defendant indicated an awareness that punishment could be imposed upon him (GCR 1963, 785.3[2]).

3. CRIMINAL LAW—PLEA OF GUILTY—CONSTITUTIONAL LAW—SELF-IN-CRIMINATION—COURTS—DECISIONS.

A plea of guilty which was entered before the decision in *Boykin v Alabama,* 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969), is not rendered invalid by the fact that the record shows that the defendant was not advised of his constitutional right of self-incrimination at any stage of the proceedings and that he was advised of his rights of confrontation and compulsory process by defense counsel, but not by the judge.

4. CRIMINAL LAW—PLEA OF GUILTY—NATURE OF ACCUSATION—COURT RULES.

A defendant was sufficiently advised, prior to acceptance of his plea of guilty, of the nature of the accusation against him

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 485, 493, 494.

Enforceability of plea agreement, or plea entered pursuant thereto, with prosecuting attorney involving immunity from prosecution for other crimes, 43 ALR3d 281.

[2–4] 21 Am Jur 2d, Criminal Law § 486 *et seq.*

[3] 21 Am Jur 2d, Criminal Law § 509.

where both the statute under which he was charged and the information adumbrating facts supporting the charge were read to him at arraignment (GCR 1963, 785.3[2]).

Appeal from St. Clair, Halford I. Streeter, J. Submitted Division 2 January 3, 1973, at Lansing. (Docket No. 13007.) Decided January 17, 1973.

James H. Norman was convicted, on his plea of guilty, of armed robbery accompanied by aggravated assault. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Walter W. Turton,* Prosecuting Attorney, and *Steven L. Hill,* Chief Appellate Attorney, for the people.

*Hilla W. Wright,* for defendant on appeal.

Before: Quinn, P. J., and R. B. Burns and C. J. Byrns,* JJ.

C. J. Byrns, J. Defendant pled guilty on December 14, 1966, to a charge of robbery armed accompanied by aggravated assault, MCLA 750.529; MSA 28.797, and was sentenced to serve 15 to 40 years in prison. By leave granted, defendant brings this delayed appeal, involving four assignments of error.

## I.

Did the trial court commit reversible error in failing to ascertain whether defendant had been promised leniency in some form in exchange for his plea of guilty?

We are referred to GCR 1963, 785.3(2), which directs that a guilty plea be rejected by the trial

---

* Circuit judge, sitting on the Court of Appeals by assignment.

judge unless made without, *inter alia,* promise of leniency. However, GCR 1963, 785.3(4) declares that sub-rule 785.3(1)–(3) is mandatory, but not jurisdictional.

It appears from the record that, in return for his plea of guilty, the prosecutor offered to dismiss an unrelated charge, also of robbery armed, then pending against the defendant.[1] Prior to imposition of sentence, this second charge was dismissed on the prosecutor's motion. Defendant thus obtained the benefits for which he bargained.

Plea bargaining is generally constitutionally permissible, *North Carolina v Alford,* 400 US 25; 91 S Ct 160; 27 L Ed 2d 162 (1970). It is an essential and highly desirable part of our system of criminal justice. *Santobello v New York,* 404 US 257, 261; 92 S Ct 495, 498; 30 L Ed 2d 427, 432 (1971). The practice has been accorded approbation by the American Bar Association Project on Minimum Standards for Criminal Justice, *Standards Relating to Pleas of Guilty* (1968), p 62. The type of bargain struck in the case at bar is specifically legitimized by Standard 3.1(b) (ii) and (iii).

Since the prosecutorial promise made to defendant in the instant case has been fulfilled, the fact that a bargain was made is no grounds for vacating defendant's plea, even if his plea was thereby induced. *People v Kindell,* 17 Mich App 22, 23 (1969); *People v Graham,* 39 Mich App 109, 111 (1972); *People v Sumlin,* 32 Mich App 1, 2–3 (1971); *People v Barron,* 27 Mich App 379, 380 (1970); *People v Gaines,* 27 Mich App 328, 330 (1970); *People v Anderson,* 22 Mich App 61, 64 (1970); *People v Leflore,* 20 Mich App 588, 589 (1969); *People v Jackson,* 20 Mich App 414, 415 (1969); see also *In re Valle,* 364 Mich 471, 475 (1961).

---

[1] We accept *arguendo* defendant's contentions in this respect, though they are denied by the prosecutor.

## II.

Did the trial judge fail to advise defendant sufficiently regarding the consequences of his guilty plea?

At his arraignment, defendant had read to him the statute under which he here stands convicted. The statute specifies a maximum punishment of imprisonment for life or any term of years, and a minimum of two years imprisonment. When defendant offered his plea, he indicated an awareness that punishment could be imposed upon him. The trial judge and defense counsel, on the record, specifically and painstakingly advised the defendant of his right to trial by jury or by the judge without a jury, and that his plea constituted a waiver of that right.

We hold that defendant was thus apprised of the consequences of his plea consistently with the mandates of GCR 1963, 785.3(2). *People v Dunn,* 380 Mich 693, 700–701 (1968); *People v Morris,* 33 Mich App 654, 659 (1971).

## III.

Did the trial court err in failing to advise the defendant of his right against self-incrimination and his right to confront his accusers and to have compulsory process to procure witnesses in his favor?

A thorough review of the record discloses that defendant was not advised concerning his constitutional right against self-incrimination at any stage of the proceedings. On the record, defense counsel did advise defendant of his right of confrontation and compulsory process, although the trial judge did not do so personally. Were it not for the fact

that defendant tendered his guilty plea in 1966, *People v Jaworski,* 387 Mich 21 (1972), would require reversal. However, *Jaworski* applies only to guilty pleas made after the decision in *Boykin v Alabama,* 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969). *People v Butler,* 387 Mich 1 (1972); *People v Carlisle,* 387 Mich 269 (1972); *People v Duffield,* 387 Mich 300, 329 (1972). Defendant's plea is therefore valid. *People v Wickham,* 41 Mich App 358, 360–361 (1972).

## IV.

Did the trial court commit reversible error by failing to inform the defendant of the elements of the offense with which he was charged?

GCR 1963, 785.3(2) requires that a defendant be advised of the nature of the accusation against him. As previously noted, the statute under which defendant was charged was read to him at his arraignment, as was the information, which parrots the language of the Legislature, and adumbrates the facts supporting the charge. This was sufficient to comply with the mandates of sub-rule 785.3(2). There was no need to explain to the defendant one-by-one the elements of the crime charged. *People v Melvin,* 18 Mich App 652 (1969); *People v Bartlett,* 17 Mich App 205, 209 (1969); *People v Reid,* 27 Mich App 415 (1970); *People v Rainwater,* 28 Mich App 519 (1970); *People v Anthony,* 33 Mich App 344 (1971). See also Order of the Supreme Court, 379 Mich xxx–xxxi, repealing various amendments of GCR 1963, 785, appearing at 378 Mich xxxviii, which were suspended before ever taking effect, 378 Mich xliii.

Affirmed.

All concurred.