PEOPLE v ADAMS

1. CRIMINAL LAW—CONSTITUTIONAL LAW—ASSISTANCE OF COUNSEL—
   RECORD.

   A criminal defendant claiming a denial of effective assistance of
   counsel must establish a record factually supporting his claim.

2. CRIMINAL LAW—CONSTITUTIONAL LAW—ATTORNEY AND CLIENT—
   ASSISTANCE OF COUNSEL.

   An attorney's representation of a police officers' association,
   without a criminal defendant's knowledge, at the same time
   that the attorney represented the defendant in a case in which
   two members of the police officers' association testified against
   the defendant was not so inherently prejudicial as automati-
   cally to be deemed ineffective assistance of counsel.

3. HOMICIDE—WITNESSES—EVIDENCE—INSTRUCTIONS TO JURY—DISCRE-
   TION OF TRIAL COURT—APPEAL AND ERROR.

   The trial court's restriction, in a murder trial, on the examina-
   tion by the defense of the victim's son, the exclusion from
   evidence of a letter written by the victim, and the court's
   refusal to give a requested instruction were all matters within
   the trial court's discretion and the Court of Appeals will let the
   trial court's rulings stand where the record shows no abuse of
   that discretion.

Appeal from Washtenaw, Ross W. Campbell, J.
Submitted March 8, 1977, at Lansing. (Docket No.
26605.) Decided June 20, 1977. Leave to appeal
applied for.

Jack Adams was convicted of first-degree mur-
der. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.*

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 315, 321.

[2] 21 Am Jur 2d, Criminal Law §§ 317, 318.

  Propriety and prejudicial effect of counsel's representing defendant
    in criminal case notwithstanding counsel's representation or
    former representation of prosecution witness. 27 ALR3d 1431.

[3] 40 Am Jur 2d, Homicide §§ 560, 561.

*Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *John J. Hensel,* Senior Assistant Prosecuting Attorney, Chief, Appellate Division, for the people.

*O'Brien, Moran & Dimond,* for defendant.

Before: QUINN, P. J., and BRONSON and M. J. KELLY, JJ.

PER CURIAM. Defendant was convicted by a jury of first-degree murder for the shooting death of Anna Lykins, MCLA 750.316; MSA 28.548, and sentenced to life imprisonment. He appeals as of right.

Defendant claims that he was denied his constitutional right to effective assistance of counsel, alleging that defense counsel at trial simultaneously represented the Ypsilanti Police Officers Association without defendant's knowledge or consent and that two of the officers who testified at his trial were members of the YPOA.

The allegations have not been established on this record, but defense counsel offered to prove them while arguing a motion for new trial before the trial court.[1] No offer was made to prove any prejudice to defendant arising out of the alleged relationship, however. The argument made on appeal is that the alleged simultaneous representation was per se prejudicial.

We are not of the opinion that the alleged simultaneous representation of the defendant and the YPOA in the instant case is so inherently prejudicial as automatically to be deemed ineffec-

---

[1] A defendant claiming a denial of effective assistance of counsel must establish a record factually supporting his claim. *People v Ginther,* 390 Mich 436, 443; 212 NW2d 922 (1973). For purposes of this appeal we may assume that the facts which defendant offered to prove are in fact true.

tive assistance of counsel.[2] Since defendant did not offer to prove prejudice, and the record of his trial reveals none,[3] it is unnecessary to remand for a hearing.

Defendant also raises issues concerning the trial court's restriction on examination of decedent's son, the exclusion of a letter written by decedent and the court's refusal to give a requested jury instruction. These matters were all within the trial court's discretion and the record discloses no abuse of that discretion.

Affirmed.

[2] We note that under Formal Opinion C-215 (released February 25, 1977), the simultaneous representation alleged in the instant case would probably not even be unethical. Of course, Formal Opinions of the State Bar on ethical matters do not control this Court's determination of whether there was ineffective assistance of counsel in a particular case.

[3] In fact, the record indicates that defense counsel strongly criticized the investigating officers in cross-examination and closing argument for obliterating fingerprints on the alleged murder weapon, not conducting a paraffin test and, in general, for improperly concluding before investigation that defendant was guilty.