PEOPLE v KYLLONEN

1. CRIMINAL LAW—PLEA OF GUILTY—PROMISE BY PROSECUTOR—UNC-HARGED OFFENSES—INDUCEMENTS OF PLEA—VOLUNTARINESS OF PLEA.

A fulfilled promise by a prosecutor not to prosecute a defendant on charges other than the one to which the defendant is entering a plea does not render the plea involuntary, even if the promise pertains to uncharged offenses and it induces the plea.

2. CONSTITUTIONAL LAW—CRIMINAL LAW—RIGHT TO COUNSEL—EFFEC-TIVE ASSISTANCE OF COUNSEL—PLEA OF GUILTY—FEDERAL LAW.

An ineffective assistance of counsel claim is reviewable after a guilty plea under Federal law.

3. CONSTITUTIONAL LAW—CRIMINAL LAW—RIGHT TO COUNSEL—EFFEC-TIVE ASSISTANCE OF COUNSEL—CONFLICT OF INTERESTS—PREJU-DICE.

A defendant has not been denied effective assistance of counsel due to his attorney's conflict of interests where the defendant has not alleged any prejudice arising from the conflict of interests and there is no showing of prejudice.

4. CRIMINAL LAW—BREAKING AND ENTERING—OCCUPIED DWELLING—STATUTES.

Even a presently unoccupied residence is an "occupied dwelling" for purposes of the breaking and entering statute (MCLA 750.110; MSA 28.305).

5. CRIMINAL LAW—BREAKING AND ENTERING—INTENT—PLEA OF GUILTY—FACTUAL BASIS.

The factual basis for the intent element of the crime of breaking

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 485, 486.
[2] 21 Am Jur 2d, Criminal Law §§ 315, 319, 486–488.
[3] 21 Am Jur 2d, Criminal Law §§ 315, 319.
[4] 13 Am Jur 2d, Burglary §§ 4, 69.
[5] 13 Am Jur 2d, Burglary §§ 24–26, 36, 52.
[6] 13 Am Jur 2d, Burglary § 47.

and entering was sufficient for the acceptance by a court of a defendant's plea of guilty of breaking and entering where the requisite intent, to commit a felony or larceny therein, could reasonably be inferred by a jury on the facts admitted by the defendant.

6. CRIMINAL LAW—PLEA OF GUILTY—BREAKING AND ENTERING—REMAND—COURT RULES—ELEMENTS OF OFFENSE.

A defendant's plea-based conviction of breaking and entering should be reversed and the matter remanded where there are no facts in the record of the plea-taking hearing from which a breaking can be inferred; on remand the prosecutor should be given an opportunity to establish the missing element; if he is able to do so and there is no contrary evidence, the judgment of conviction should be affirmed; if the prosecutor is unable to establish the missing element, the judgment of conviction should be set aside; if contrary evidence is produced, the matter should be treated as a motion to withdraw the guilty plea and the court should decide the matter in the exercise of its discretion (GCR 1963, 785.7[4]).

Appeal from Houghton, Stephen D. Condon, J. Submitted June 7, 1977, at Detroit. (Docket No. 31470.) Decided December 9, 1977.

Steven A. Kyllonen was convicted, on his plea of guilty, of breaking and entering with intent to commit larceny. Defendant appeals. Reversed and remanded.

*Garfield W. Hood,* for defendant on appeal.

Before: J. H. GILLIS, P. J., and BRONSON and R. E. ROBINSON,* JJ.

PER CURIAM. Defendant was charged with breaking and entering with intent to commit larceny. MCLA 750.110; MSA 28.305. He pled guilty to that

* Circuit judge, sitting on the Court of Appeals by assignment.

charge on October 4, 1976, and was sentenced to from 2 to 15 years. The plea bargain stated on the record was that defendant agreed to plead guilty to the one breaking and entering charge in return for the prosecution's promise not to charge him for five related breaking and enterings. Defendant appeals as of right, raising three issues.

Defendant first contends that his plea was involuntary because it was induced by the threat of subsequent charges on five alleged crimes. The plea bargain was stated on the record and acknowledged by defendant, his attorney, and the prosecutor. GCR 1963, 785.7(2) and 785.7(5) were strictly complied with. There has been no allegation that the plea bargain has not been fulfilled.

We have found no Michigan cases which deal with a plea bargain in which defendant agrees to plead guilty in exchange for the prosecutor's promise not to charge unrelated offenses. An agreement not to prosecute uncharged crimes, however, is no less voluntary than an agreement not to prosecute charged crimes. Defendant is protected in either case by the agreement on the record. Generally, a fulfilled promise not to prosecute does not render a plea involuntary, even if it induces the plea. *People v Norman,* 44 Mich App 366; 205 NW2d 209 (1973). Other authorities have recognized the validity of pleas pursuant to bargains not to prosecute uncharged offenses. See, *e.g., Mallon v State,* 49 Wis 2d 185; 181 NW2d 364 (1970), ABA Project on Minimum Standards for Criminal Justice, Pleas of Guilty, § 3.1(b) (Approved Draft, 1968).

We hold that the guilty plea in the instant case, entered pursuant to a fulfilled agreement not to prosecute uncharged offenses, was not involuntary.

Defendant's next contention is that his convic-

tion must be reversed because he was denied effective assistance of counsel.[1]

As defendant was indigent, the court appointed counsel to represent him. Appointed counsel moved to withdraw on the basis that the crime charged took place in the City of Houghton, that counsel and his firm represented the City of Houghton as retained counsel in criminal misdemeanor prosecutions and that he and his firm had worked closely in the past with the investigating officers and complaining witnesses. This request to withdraw was denied by the trial court without further inquiry. The request to withdraw was renewed just before defendant pled guilty and again denied.

Defendant does not offer any proof of prejudice, but contends that such a conflict of interest amounts to ineffective assistance of counsel per se.

We decline to hold that the conflict of interest present in the instant case amounts to ineffective assistance of counsel per se.[2]

This Court has refused to apply a per se rule in similar cases where no motion to withdraw was made. In *People v LaPine,* 61 Mich App 345; 232 NW2d 401 (1975), the Court held that appointment of a county prosecutor as defense counsel contrary to statute[3] did not require reversal absent a show-

[1] The prosecution did not file a brief in the instant case. Consequently, the issue of whether the guilty plea waiver doctrine applies to an ineffective assistance of counsel claim has not been argued before us. *See generally People v Alvin Johnson,* 396 Mich 424; 240 NW2d 729 (1976). We do not decide if the waiver doctrine applies or not to the instant case; we rest our decision on other grounds. However, we note that under Federal law, an ineffective assistance of counsel claim is reviewable after a guilty plea. *See McMann v Richardson,* 397 US 759, 770, 771, n 14, 775, n 1; 90 S Ct 1441; 25 L Ed 2d 763 (1970).

[2] For ethical considerations arising from appointment of municipal attorneys to represent indigent defendants, *see generally* American Bar Association Formal Opinions.55, 186.

[3] MCLA 776.14; MSA 28.1271.

ing of prejudice. In *People v Adams,* 76 Mich App 384; 256 NW2d 605 (1977), appointed defense counsel also represented a police officers' association of which investigating officers and witnesses were members. Again, the Court held that absent some showing of prejudice arising from the conflict of interest, defendant was not denied effective assistance of counsel. *Cf.* Michigan State Bar Formal Ethics Opinion C-215, Michigan State Bar Journal, April, 1977, p 204.

Federal courts also have refused to apply a per se rule to the representation of an indigent defendant by an attorney who prosecutes misdemeanor cases for a city. See *Dawson v Cowan,* 531 F2d 1374 (CA 6, 1976), *Harris v Thomas,* 341 F2d 560 (CA 6, 1965).

We recognize the difficulty in some circumstances of proving prejudice arising from a conflict of interest. Here, however, defendant has not even alleged prejudice. We hold that defendant was not denied effective assistance of counsel. *Cf. People v McIntyre,* 74 Mich App 661; 254 NW2d 603 (1977).

Defendant's third contention is that the factual basis for his guilty plea, adduced by the trial judge pursuant to GCR 1963, 785.7(3), was insufficient to establish three elements of the crime to which he pled guilty: that he entered "an occupied dwelling house", that he had the specific intent to commit a felony or larceny therein, and that he committed a "breaking".

The first two elements were sufficiently established:

"Q. Mr. Kyllonen, I want to ask you again, when you entered the Plowe residence do you remember doing it?

"A. I knew I was going into it. I just don't remember doing it. Because, see, we were supposed to leave on a— we were going to go down to Lansing the next day and I

wanted to get some money from somewhere so—I was on my way up to Hurontown so I wanted to stop, you know. I figured there would be money inside so I—I just don't remember going in.

\* \* \*

"Q. You do distinctly recall, Mr. Kyllonen, that when you went into the Plowe—or your reason for going into the Plowe residence was to obtain some money, is that right?

"A. Yes, sir."

Even a presently unoccupied residence is an "occupied dwelling house" for purposes of the statute, MCLA 750.110; MSA 28.305. Also, as the requisite intent could reasonably be inferred by a jury on the facts admitted by the defendant, the factual basis for the intent element was sufficient. *People v Haack,* 396 Mich 367; 240 NW2d 704 (1976).

The plea transcript fails, however, to establish a "breaking". The facts elicited do not show that any force at all was used to enter:

"Q. All right. At this time I'm going to request that you give me a factual narration of just what happened on September 10th of '76. What did you do at the Plowe residence?

"A. Well, the first thing I remember is coming into the building—I'm not sure, I think it was through a window.

\* \* \*

"Q. How did you get through the window?

"A. I don't remember."

No other mention was made of the entry; there are no facts from which a breaking can be inferred. See *People v Haack, supra, People v Stewart,* 69 Mich App 528; 245 NW2d 121 (1976).

Defendant's plea-based conviction therefore is

reversed and this case is remanded for further proceedings.

On remand the prosecutor shall be given an opportunity to establish the missing element. If he is able to do so and there is no contrary evidence, the judgment of conviction shall be affirmed. If the prosecutor is unable to establish the missing element, the judgment of conviction shall be set aside. If contrary evidence is produced, the matter shall be treated as a motion to withdraw the guilty plea and the court shall decide the matter in the exercise of its discretion. GCR 1963, 785.7(4). *Guilty Plea Cases,* 395 Mich 96, 129; 235 NW2d 132 (1975), *People v Stewart, supra.*