PEOPLE v ROLSTON

Opinion of the Court

1. Criminal Law—Constitutional Law—Multiple Crimes—Same Transaction—Multiple Prosecutions—Double Jeopardy—Joinder.

The acquittal of a defendant in a murder trial where the entire series of events arising out of a single criminal episode of robbery, kidnapping, rape, and murder was shown to the jury bars further prosecution by the state for the kidnapping because, where a defendant has one objective and commits several crimes in preparing for and attaining that objective, only one prosecution may be brought, and the defendant is constitutionally protected from being twice placed in jeopardy; liberal joinder rules more than adequately allow the state to vindicate its interest in the prosecution of several crimes that arise out of the same transaction.

Concurrence by V. J. Brennan, J.

2. Criminal Law—Constitutional Law—Multiple Crimes—Same Transaction—Multiple Prosecutions—Double Jeopardy.

*The Court of Appeals is required to reverse a conviction of kidnapping of a defendant allegedly involved in four separate and distinct criminal offenses of robbery, kidnapping, rape and murder, each of which offenses has its own independent elements and none of which is an included offense of the others or dependent on the others for proof, because of a recent decision of the Michigan Supreme Court in which the "same transaction" test of double jeopardy was adopted as the law of this state, where the defendant had been previously acquitted by a jury in a murder trial based on the same criminal episode from which both the murder and kidnapping charges arose.*

Appeal from Wayne, Blair Moody, Jr., J. Sub-

Reference for Points in Headnotes
[1, 2] 21 Am Jur 2d, Criminal Law §§ 166, 185.

mitted Division 1 June 5, 1973, at Detroit. (Docket
No. 14259.) Decided January 15, 1974. Leave to
appeal denied, 392 Mich —.

Robert Rolston was convicted of kidnapping.
Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Thomas P.
Smith,* Assistant Prosecuting Attorney, for the
people.

*Richard S. McMillin* and *Dennis H. Benson,*
Assistants State Appellate Defender, for defend-
ant.

Before: BRONSON, P. J., and V. J. BRENNAN and
WALSH,* JJ.

BRONSON, P. J. Defendant, Robert Rolston, was
convicted by a Wayne County jury of kidnapping.
MCLA 750.349; MSA 28.581. He appeals as of
right.

On January 23, 1967, defendant and Larry
Markham entered a bar in River Rouge, Michigan,
engaged the barmaid in conversation, and then
left the premises. Shortly thereafter, patrons in
the bar found the barmaid missing and the owner
found a shortage in the cash register.

The barmaid was found shot to death in a
wooded area in Washtenaw County. It was shown
by defendant's statement to police that he and
Markham had taken the barmaid from the bar at
gunpoint, driven to Markham's cottage in Chelsea,
Michigan, raped her, shot her, and buried the body
in a swamp. Defendant's statement indicated, and

---

* Circuit judge, sitting on the Court of Appeals by assignment.

he subsequently testified, that his involvement was the product of Markham's threats against him and established the defense of duress.

Both Markham and this defendant had been convicted of this kidnapping in Wayne County Circuit Court. Markham's conviction was affirmed by this Court, *People v Markham,* 19 Mich App 616; 173 NW2d 307 (1969). However, defendant's conviction was reversed. *People v Rolston,* 31 Mich App 200; 187 NW2d 454 (1971). After that reversal, defendant and Markham separately stood trial for murder of the barmaid in Washtenaw County.

At defendant's trial in Washtenaw County, evidence of the entire criminal episode was shown to the jury. The jury was then instructed to find defendant guilty of first-degree murder if it was shown he either aided in felony-murder, or committed or aided in the commission of deliberate premeditated murder. The jury was further instructed on the elements of second-degree murder. See *People v Carter,* 387 Mich 397; 197 NW2d 57 (1972).[1] The jury in Washtenaw County acquitted defendant.

Thereafter, this case was brought to trial in Wayne County. Defendant's motions to dismiss on grounds of double jeopardy and collateral estoppel were denied. Again the entire transaction was shown. Defendant contends on appeal that his acquittal of murder for the events arising out of this single criminal episode of robbery, kidnapping, rape, and murder bars further prosecution by the state. We agree.

Evidence at trial established Markham wished

---

[1] To avoid confusion, we note that at the time of the offense, kidnapping was not one of the enumerated felonies which would support felony-murder. MCLA 750.316; MSA 28.548 has since been amended to include larceny, extortion, and kidnapping as supporting felonies.

to flee the country because of pending criminal charges against him. He sought out defendant for assistance. The robbery was committed in furtherance of that objective. The barmaid knew Markham; her kidnapping was designed to prevent successful police investigation of the robbery. It can readily be deduced from the record that her murder was similarly motivated. The prosecution, on appeal, does not contest that these tragic events were part of one criminal transaction. The theory of the prosecution in Washtenaw County was grounded on the fact that this was but one criminal transaction.

In *People v White,* 41 Mich App 370; 200 NW2d 326 (1972), it was noted that liberal joinder rules more than adequately allow the state to vindicate its interest in the prosecution of several crimes that arise out of the same transaction.[2] It was held in *White* that where a defendant has one objective and commits several crimes in preparing for and attaining that objective, only one prosecution may be brought. Accord, *State v Brown,* 262 Or' 442; 497 P2d 1191 (1972); *Commonwealth v Campana,* 452 Pa 233; 304 A2d 432 (1973). See, also, Model Penal Code (Proposed Official Draft, 1962, § 1.07, p 12).

The prosecution was allowed, in this trial, to show the elements of the robbery, rape, and murder of the victim, ostensibly for the purpose of showing the victim was placed in hostile environment consistent with kidnapping. Yet, the defense was not allowed to directly show defendant had

[2] Proper venue for the murder charge, if there was any doubt on that issue, could have been designated by the Attorney General. MCLA 762.3; MSA 28.846. Kidnapping may be prosecuted in any county where the victim is taken. MCLA 750.349; MSA 28.581. Even the robbery of the bar in River Rouge could have been joined for prosecution in Washtenaw County. See MCLA 767.63; MSA 28.1003.

been acquitted of the murder, ostensibly because this jury might have been swayed by another jury's finding. Defendant's theory of duress, apparently accepted by the jury in Washtenaw County, was fragmented by the artificial isolation of the kidnapping charge, only part of which occurred within the boundaries of Wayne County. References in the transcript, notwithstanding the exemplary caution on the part of the trial judge, clearly indicated that the witnesses in this retrial had testified against this defendant on these same facts before, which, by itself was not prejudicial, but left the result of the previous murder trial for speculation by the jury. We have no reluctance in finding the mandatory rule announced in *People v White, supra,* now followed in Oregon and Pennsylvania, of constitutional importance designed to protect defendants from being twice placed in jeopardy while promoting efficient and effective prosecution by the state.[3]

The by-product of the violation of the "same transaction" test for double jeopardy as announced in *People v White, supra,* allows us to transcend mere application of that holding to this case, since here further analysis in terms of collateral estoppel shows why multiple prosecution is irrefragably problematical.

As indicated, the Washtenaw County jury, called upon to determine defendant's culpability for murder, heard evidence of the robbery, kidnapping, and rape and was instructed accordingly on the elements of first- and second-degree murder. The jury also heard defendant's theory of duress as it related to all those incidents. *Ashe v Swenson,* 397

---

[3] *People v White, supra,* affirmed by the Supreme Court, 390 Mich 245; 212 NW2d 222 (1973), subsequent to the original draft of this opinion, adopted the "same transaction" test on constitutional grounds.

US 436; 90 S Ct 1189; 25 L Ed 2d 469 (1970),
directs an examination of that prior trial to deter-
mine whether a rational jury could have grounded
its verdict of acquittal on an issue other than that
which the defendant seeks to foreclose from fur-
ther litigation. In the instant case, the issue
sought to be foreclosed concerns the merits of
defendant's theory of duress. We are of the opinion
that the Washtenaw County jury conclusively and
rationally determined that defense was valid as it
related to the charge of murder.

By his own admission, defendant drove the trio
to the cottage, was present at all events, and
assisted in covering the body. He explained he was
forced to be present and acted in fear. The only
logical conclusion is that while the jury could find
the murder was committed during robbery, kid-
napping, and rape, defendant was an unwilling
participant in all the events. Any other finding
would have resulted in conviction. That finding
compels us to conclude the relitigation of the
defense of duress as it related to the kidnapping
charge was not constitutionally permissible. See
*Turner v Arkansas,* 407 US 366; 92 S Ct 2096; 32
L Ed 2d 798 (1972).

Reversed.

WALSH, J., concurred.

V. J. BRENNAN, J. *(concurring).* This case in-
volves a defendant who was allegedly involved in
the four separate and distinct criminal offenses of
robbery, kidnapping, rape, and murder. Despite
the fact that these four crimes each have their
own independent elements and that none of them
is an included offense of the other, nor do any
depend upon the other for proof, we are required
to reverse this defendant's conviction of kidnap-

ping because of the recent decision of our Supreme Court in *People v White,* 390 Mich 245; 212 NW2d 222 (1973), in which the "same transaction" test of double jeopardy was adopted as the law of this state. In adopting the "same transaction" test of double jeopardy our Supreme Court relied heavily on language contained in the concurring opinion of Mr. Justice Brennan in *Ashe v Swenson,* 397 US 436, 90 S Ct 1189, 25 L Ed 2d 469 (1970). In *Ashe,* however, the Court was faced with a defendant who allegedly was one of four persons who had robbed six men at one time during a poker game. The defendant was tried and acquitted of robbing one of the participants but then, six weeks later, was convicted of robbing one of the other participants. There he was tried twice for the same crime. That clearly was not the situation in *White* and is not the situation in the case at bar. Our Supreme Court, however, chose to apply Mr. Justice Brennan's language to this type of situation and extend its mandate.

Reluctantly, therefore, I must also vote to reverse this defendant's conviction.