Larry MARKHAM, Petitioner,

v.

Charles ANDERSON, Warden, State Prison of Southern Michigan, and Frank Kelley, Attorney General of Michigan, Respondents.

Civ. No. 78–70905.

United States District Court, E. D. Michigan, S. D.

Feb. 2, 1979.

George Bashara, Sr., Grosse Pointe Woods, Mich., for petitioner.

Sherwin Vine, Asst. Atty. Gen., Detroit, Mich., Frank J. Kelley, Atty. Gen., Lansing, Mich., for respondents.

## MEMORANDUM OPINION

CHURCHILL, District Judge.

The petitioner, Larry Markham, currently confined at the State Prison of Southern Michigan at Jackson, Michigan, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In support of his application, the petitioner alleges the following constitutional deprivations:

1. Violation of his Fourteenth Amendment rights of due process and equal protection because the Michigan courts ordered a co-defendant's release from custody, whereas the petitioner's conviction was affirmed.
2. Violation of the double jeopardy clause of the Fifth Amendment as to his murder conviction, and that the state trial judge should have raised this issue *sua sponte.*
3. Violation of the speedy trial provisions of the Sixth Amendment.

On January 23, 1967, the petitioner and co-defendant Robert Rolston entered a bar in River Route, Michigan, spoke with a barmaid, and then left the premises. Thereafter the woman was found shot to death in Washtenaw County. It was shown by Rolston's statement to the police that he and the petitioner had taken the barmaid from the bar at gunpoint, raped her, shot her, and buried the body. Rolston claimed his involvement with the petitioner was the product of Markham's threat against him, and thus he asserted the defense of duress.

Both the petitioner and Rolston were convicted of kidnapping in Wayne County Circuit Court. The petitioner's conviction was affirmed by the Michigan Court of Appeals, *People v. Markham,* 19 Mich.App. 616, 173 N.W.2d 307 (1969). However, Rolston's conviction was reversed because of a Fifth Amendment violation, *People v. Rolston,* 31 Mich.App. 200, 187 N.W.2d 454 (1971). Approximately three years later the petitioner and Rolston were separately tried for the murder of the barmaid.

Rolston was acquitted of the murder charge by a Washtenaw County jury. He was then re-tried on the kidnapping charge in Wayne County Circuit Court and convicted. This conviction was subsequently reversed by the Michigan Court of Appeals, *People v. Rolston,* 51 Mich.App. 146, 214 N.W.2d 894 (1974). This reversal was based upon the application of collateral estoppel, inasmuch as the Court of Appeals concluded that Rolston's acquittal of the murder charge was necessarily founded on the defense of duress. The Court of Appeals held that this defense was "conclusively" determined by the jury and that "relitigation of the defense of duress as it related to the kidnapping charge was not constitutionally permissible." *Id.* at 151, 214 N.W.2d at 896.

Petitioner Markham, however, was convicted by a Washtenaw County Circuit Court jury of first degree murder on March 19, 1970. The Michigan Court of Appeals affirmed the murder conviction in an unpublished per curiam opinion (Docket No. 9933, December 3, 1973). On November 1, 1974, the petitioner raised the issue of double jeopardy by filing a delayed motion for a new trial. This motion was denied by the circuit judge. The Court of Appeals granted the petitioner's motion for peremptory reversal of the murder conviction on May 28, 1975, citing *People v. White,* 390 Mich. 245, 212 N.W.2d 222 (1973).[1] The Michigan Supreme Court reversed the order of the Court of Appeals and reinstated the petitioner's murder conviction. *People v. Markham,* 397 Mich. 530, 245 N.W.2d 41 (1976). The court held that the rule announced in *White* was not to have retroactive application but, rather, applied only where the prosecution began after November 20, 1973, being the date of the decision.

■■■ As a threshold consideration, the respondents err in their contention that the petitioner's withdrawal of his first petition is with prejudice. The general rule is that neither res judicata nor collateral estoppel

is traditionally applicable to a voluntary dismissal. *In re Piper Aircraft Distribution System Antitrust Litigation,* 551 F.2d 213 (8th Cir. 1977); Fed.R.Civ.P. 41(a)(1).

### I.

WHETHER THE PETITIONER'S FOURTEENTH AMENDMENT RIGHTS OF DUE PROCESS AND EQUAL PROTECTION WERE VIOLATED WHEN THE MICHIGAN COURT OF APPEALS ORDERED A CODEFENDANT'S RELEASE, WHEREAS THE PETITIONER'S CONVICTION WAS AFFIRMED.

■■■ It is unnecessary for the Court to consider whether a cognizable Fourteenth Amendment claim has been presented, since a review of the state court decision for both the petitioner and Rolston discloses substantial legal differences. The petitioner, unlike Rolston, was convicted of murder, and thus *no* issues were decided favorably for him in his kidnapping trial. Accordingly, he would not fall within the collateral estoppel doctrine of *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970).

### II.

WHETHER THE "SAME TRANSACTION TEST" HAS BEEN CONSTRUED AS A CONSTITUTIONAL MANDATE, THUS REVIEWABLE IN A FEDERAL HABEAS CORPUS PROCEEDING.

[4, 5] It is fundamental that federal habeas corpus relief is justified only when it can be demonstrated that an individual is in custody in violation of the Constitution or laws of the United States. *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); *Roddy v. Black,* 516 F.2d 1380 (6th Cir. 1975). The petitioner argues that under the

---

1. In *White* the Michigan Supreme Court adopted the "same transaction test", which "requires the prosecution, except in [the] most limited circumstances, to join [in] one trial all the charges against a defendant that grow out of a

single criminal act, occurrence, episode or transaction." 390 Mich. at 254, 212 N.W.2d at 226, citing Justice Brennan's concurring opinion in *Ashe v. Swenson,* 397 U.S. 436, 448, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970).

"same transaction test", as announced by the Michigan Supreme Court in *White,* he should not have been separately prosecuted for murder and kidnapping. Thus, the crucial inquiry is whether this test has been held to be a constitutional requirement. A review of the applicable case law discloses that it has not.

Justice Brennan has repeatedly asserted that the Fifth Amendment requires the prosecution, except in the most limited circumstances, to join at one trial all the charges against a defendant that grow out of a single transaction. *Clift v. Alabama,* 435 U.S. 909, 98 S.Ct. 1459, 55 L.Ed.2d 500 (1978) (Brennan, J., dissenting); *Thompson v. Oklahoma,* 429 U.S. 1053, 97 S.Ct. 768, 50 L.Ed.2d 770 (1977) (Brennan, J., dissenting); *Mullin v. Wyoming,* 414 U.S. 940, 94 S.Ct. 245, 38 L.Ed.2d 166 (1973) (Brennan, J., dissenting); *Miller v. Oregon,* 405 U.S. 1047, 92 S.Ct. 1321, 31 L.Ed.2d 590 (1972) (Brennan, J., dissenting); *Harris v. Washington,* 404 U.S. 55, 57, 92 S.Ct. 183, 30 L.Ed.2d 212 (1971) (concurring statement); *Waller v. Florida,* 397 U.S. 387, 395, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970) (Brennan, J., concurring); *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). However, this has never been accepted by a majority of the Court. As noted by Justice Harlan in his concurring opinion in *Ashe* :

> . . . the Court's opinion in no way intimates that the Double Jeopardy Clause embraces to any degree the "same transaction" concept reflected in the concurring opinion of my Brother Brennan.

397 U.S. at 448, 90 S.Ct. at 1196–97. *See also Simpson v. Florida,* 403 U.S. 384, 91 S.Ct. 1801, 29 L.Ed.2d 549 (1971).

In *United States v. Garner,* 529 F.2d 962, 971 (6th Cir. 1976), the court stated:

> Under the "same transaction test," proposed by Mr. Justice Brennan in *Ashe v. Swenson* . . . , which case dealt with collateral estoppel, the prosecution would be required to join all of the charges as to each person in a single criminal trial. Mr. Justice Brennan argued for the rejec-

tion of the "same evidence test" as it virtually annuls the prohibition against double jeopardy. A majority of the Supreme Court has never adopted such a rule of compulsory joinder as a constitutional requirement. We decline to do so in the case at bar.

*See also Winegar v. Corrections Department,* 435 F.Supp. 285, 292–293 (W.D.Mich. 1977).

The governing standard for review of the type of double jeopardy claim presented in the instant case has been stated by the Supreme Court as follows:

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

*Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932).

An examination of the Michigan statutes defining murder in the first degree [2] and kidnapping,[3] which are not extraordinary and need not be set forth here, leads one to the inevitable conclusion that each offense requires proof of a fact that the other does not. In any event, the construction of state criminal statutes is a matter of state law, and such a construction is the underlying assumption of the entire Michigan Supreme Court in *People v. Markham,* 397 Mich. 530, 245 N.W.2d 41 (1976).

The Michigan Supreme Court's determinations that the "same transaction" standard was not the applicable law prior to November 20, 1973, and that its change to the "same transaction" standard was not retroactive are not violative of any known federal constitutional right. Furthermore, the related argument that Markham's trial judge had a duty to anticipate and raise the issue *sua sponte* merely to preserve it for review is fallacious. This would, in practical effect, make the change in law retroactive.

---

**2.** Mich.Comp.Laws Ann. § 750.316.

**3.** Mich.Comp.Laws Ann. § 750.349.

By way of summary, if there was error in Michigan's separate prosecutions of the petitioner, and this by no means appears, it was one of state law and thus not properly reviewable in habeas corpus proceedings. *Combs v. Tennessee,* 530 F.2d 695 (6th Cir. 1976).

### III.

### WHETHER THE SIXTH AMENDMENT'S SPEEDY TRIAL PROVISION WAS VIOLATED.

Finally, the petitioner's claim that his Sixth Amendment right to a speedy trial was violated because he was not brought to trial until three years after the crime was committed is not, at this juncture, properly reviewable by the Court, since the issue has not been properly exhausted in the Michigan courts. *Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); 28 U.S.C. § 2254(b), (c).

For the foregoing reasons, the petitioner's application for a writ of habeas corpus will be denied, and the respondent's motion for summary judgment will be granted.