### PEOPLE v GREEN

Docket Nos. 46458, 46459. Submitted January 4, 1980, at Grand Rapids.—Decided February 13, 1980.

Gregory A. Green was convicted, on his pleas of guilty, of two separate counts of possession of marijuana with intent to deliver, Mason Circuit Court, Richard J. Cooper, J. Subsequently defendant moved to withdraw his guilty pleas, contending that he was denied effective assistance of counsel. Defendant urged that with respect to one count he was denied effective assistance of counsel by reason of the fact that his counsel at the preliminary examination had previously represented the key prosecution witness and counsel's law firm was then representing that witness and that, accordingly, counsel had a conflict of interest. As to the other count, defendant urged that he was denied effective assistance of counsel by reason of the failure of counsel to raise a constitutional defense. Defendant's motions to withdraw his guilty pleas were denied. Defendant appeals. *Held:*

1. The fact that the defendant's counsel had represented the key prosecution witness does not constitute a per se denial of effective assistance of counsel. The defendant has not shown that he was denied effective assistance of counsel, since the record reveals that: (1) defendant's counsel was not representing the prosecution witness at the time of his representation of defendant; (2) the representation of defendant by that counsel

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 315.

[2] 7 Am Jur 2d, Attorneys at Law § 184 *et seq.*

21 Am Jur 2d, Criminal Law § 309 *et seq.*

75 Am Jur 2d, Trial § 52.

Propriety and prejudicial effect of counsel's representing defendant in criminal case notwithstanding counsel's representation or former representation of prosecution witness. 27 ALR3d 1431.

[3] 21 Am Jur 2d, Criminal Law § 349 *et seq.*

Custodial interrogation: what constitutes "custodial interrogation" within rule of Miranda v Arizona requiring that suspect be warned of his federal constitutional rights before custodial interrogation. 31 ALR3d 565.

[4] 21 Am Jur 2d, Criminal Law § 309 *et seq.*

was limited to the preliminary examination, with counsel withdrawing thereafter to avoid any possible conflict in later stages of the prosecution; (3) defendant consented to counsel's representation of him after being informed of the relevant facts; and (4) counsel participated fully in the examination and performed at least as well as a lawyer with ordinary training and skill in the criminal law. The record clearly establishes that no interest of defendant was sacrificed by counsel's representation.

2. There was no constitutional obligation requiring the police informer to give the defendant *Miranda* warnings prior to asking the defendant whether he had any marijuana to sell, even though the informant's inquiry arose out of a request by the police. Not only was there no police custody or confrontation involved, but also there existed no compulsion or coercion with respect to the solicitation of defendant's statements. In the absence of these elements, the requirements necessary to trigger the mandatory giving of *Miranda* warnings were not extant.

3. A claim of ineffective assistance of counsel is not supported where the claim is premised upon the failure to raise a defense which not only is not a substantial defense but is, in fact, no defense at all.

Affirmed.

1. CONSTITUTIONAL LAW — CRIMINAL LAW — RIGHT TO COUNSEL — EFFECTIVE ASSISTANCE OF COUNSEL — PLEA OF GUILTY.

An ineffective assistance of counsel claim is reviewable after a guilty plea.

2. CONSTITUTIONAL LAW — CRIMINAL LAW — RIGHT TO COUNSEL — EFFECTIVE ASSISTANCE OF COUNSEL — CONFLICT OF INTERESTS.

There was no denial per se of effective assistance of counsel at a preliminary examination by reason of the fact that counsel had previously represented a key prosecution witness; nor is ineffective assistance of counsel shown where defendant's counsel was not representing the prosecution witness at the time of his representation of the defendant, the representation of defendant was after defendant was apprised of the facts and consented to the representation at the preliminary examination, and the record establishes that counsel participated fully in the examination and performed at least as well as a lawyer with ordinary training and skill in the criminal law.

3. CONSTITUTIONAL LAW — CRIMINAL LAW — POLICE INFORMANTS — MIRANDA WARNINGS.

There is no constitutional obligation requiring a police informant

who, at the request of the police, calls a defendant to arrange a purchase of a controlled substance to give to the defendant *Miranda* warnings prior to asking the defendant whether he had some of the controlled substance for sale, since the elements of police custody or confrontation and compulsion or coercion necessary to trigger the warning requirement are not present.

4. CONSTITUTIONAL LAW — CRIMINAL LAW — RIGHT TO COUNSEL — EFFECTIVE ASSISTANCE OF COUNSEL — SUBSTANTIAL DEFENSE.

A claim of ineffective assistance of counsel is not established where the claim is premised upon the failure to raise a defense which not only is not a substantial defense, but is, in fact, no defense at all.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Martin M. Holmes,* Prosecuting Attorney (by *Mary C. Smith,* Assistant Attorney General, Prosecuting Attorneys Appellate Service), for the people.

*Parmenter, Forsythe, Rude, Gavigan, VanEpps & Briggs* (by *Roger H. Anderson),* for defendant on appeal.

Before: D. F. WALSH, P.J., and R. B. BURNS and J. H. GILLIS, JJ.

PER CURIAM. On January 16, 1979, the defendant pled guilty to two separate counts of possession of marijuana with intent to deliver, MCL 335.341(1)(c); MSA 18.1070(41)(1)(c), lower court numbers 7-206 and 7-212. He was sentenced to three years probation on the first count and to one year imprisonment on the other.

Approximately six months later, the defendant moved to withdraw the guilty pleas, contending that the appointed counsel who represented him at his preliminary examination on the first charged offense had a conflict of interest and that he was

denied the effective assistance of counsel in entering his plea to the second offense. In support of the latter contention, the defendant asserted that his substituted appointed counsel failed to inform him of a potential fifth amendment defense.

A hearing was held in the trial court on June 21, 1979. In an opinion dated July 12, 1979, the lower court denied the defendant's motion. The defendant appeals from the denial as a matter of right. GCR 1963, 806.1.

On appeal, defendant claims that the appointed counsel's conflict of interest and the substituted counsel's failure to inform him of a potential defense evince ineffective assistance of counsel. An ineffective assistance of counsel claim is reviewable after a guilty plea. *People v McDonnell,* 91 Mich App 458, 460; 283 NW2d 773 (1979).[1]

We first address the defendant's claim with respect to the asserted conflict of interest. In case #7-206, the court appointed counsel to represent the defendant. At the preliminary examination, appointed counsel indicated to the court that he had represented the key prosecution witness in the past and that another member of his firm was presently representing the witness on a pending charge. Counsel stated that he had discussed the matter with the defendant, who had no objection to counsel conducting the preliminary examination. Counsel further stated that if the defendant were bound over for trial, he would withdraw as defendant's attorney. The examination commenced and resulted in the defendant being

---

[1] We note that the Court in *McDonnell* cites *People v Kyllonen,* 80 Mich App 327; 263 NW2d 55 (1977), as authority for this proposition. The citation is unwarranted. An examination of the opinion in *Kyllonen* discloses that the issue of the applicability of the guilty plea waiver doctrine was neither addressed nor decided. *Kyllonen, supra,* at 330, fn 1. We decide, however, that the rule as stated is correct notwithstanding such unwarranted reliance.

bound over. Counsel promptly moved to and did withdraw.

Defendant argues first that representation of a defendant and a key prosecution witness amounts to ineffective assistance of counsel per se. We decline to apply a per se rule under the facts of the present case. See *People v Van Brocklin,* 76 Mich App 427, 430; 257 NW2d 107 (1977). The facts underlying this declination are that counsel was not presently representing the witness, that the representation of the defendant took place at the preliminary examination and that defendant consented to such representation after having discussed the matter with counsel. We hold that, absent some showing of prejudice arising from the conflict of interest, the defendant was not denied effective assistance of counsel. We further hold that no such prejudice was extant here.

A review of the record shows that the defendant was accorded full and effective representation at his preliminary examination. Counsel fully participated in the examination, raising timely objections and cross-examining the prosecution witness. Counsel performed at least as well as a lawyer with ordinary training and skill in the criminal law. See *People v Garcia,* 398 Mich 250, 264; 247 NW2d 547 (1976). He did not sacrifice the interest of the defendant in any manner.

The defendant next argues that he was denied the effective assistance of counsel as the result of substituted counsel's failure to raise an assertedly substantial defense. We disagree.

In case # 7-212, one Gary Chimel had been arrested on charges relating to the purchase of marijuana from the defendant on or about August 14, 1978. At the request of the police, Chimel, on August 21, 1978, telephoned the defendant and

inquired whether he had any additional marijuana for sale. The defendant replied that he had and a sale was arranged. Approximately 1/2 to 1 hour later, a sheriff's deputy arrived at the defendant's residence, executed a search warrant and arrested the defendant. The information obtained in the telephone conversation served as the basis for the search warrant.

The defendant maintains that Chimel, as an agent of the police, was required to give the defendant *Miranda*[2] warnings prior to asking whether he had marijuana for sale, that the failure to give the warnings prevented the information that was obtained from serving as the basis for the search warrant and that the failure to raise this defense constituted ineffective assistance of counsel.

Defense counsel must assert all substantial defenses available to the defendant in a timely and proper manner. *Beasley v United States,* 491 F2d 687 (CA 6, 1974). The question presented is whether the defense which counsel failed to raise was a substantial one. The answer is that it was not.

Under the facts of the present case, the *Miranda* warnings were not required. The defendant was neither in custody nor even confronted by a police officer. There were present none of the elements of compulsion or coercion which trigger the requirement that *Miranda* warnings be given. The incriminating statement was made freely and voluntarily.[3] See *People v Konke,* 83 Mich App 356, 358-359; 268 NW2d 42 (1978). Accordingly, the claimed defense was not a defense in fact, let alone a

---

[2] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974 (1966).

[3] The fact that Chimel was an agent of the police does not alter this fact. See *Hoffa v United States,* 385 US 293; 87 S Ct 408; 17 L Ed 2d 374 (1966).

substantial defense. The defendant was in no way deprived of the effective assistance of counsel as the result of his attorney's failure to raise this matter in the lower court.

Affirmed.