PEOPLE v HAYNES

Docket No. 46193. Submitted June 9, 1980, at Grand Rapids.—Decided September 16, 1980.

Defendant, Glenn Haynes, was convicted in Kalamazoo Circuit Court of malicious destruction of police property, Robert L. Borsos, J. Two months later, defendant was convicted on his plea of no contest in Kalamazoo Circuit Court of assaulting an officer, Patrick H. McCauley, J. Defendant appeals from the second conviction, contending that the two charges arose out of the same criminal transaction and that double jeopardy required the prosecutor to join both charges in a single prosecution. The prosecutor's failure to do so, he contends, bars the conviction on the second charge as being violative of double jeopardy. *Held:*

1. A plea of guilty or no contest does not waive a defendant's right to attack his conviction on grounds of double jeopardy.

2. Charging a defendant with, and convicting him of, separate and distinct offenses growing out of the same criminal episode does not necessarily constitute a double jeopardy violation. When a defendant is convicted and punished for two distinct criminal acts, factually and legally independent of one another, the double jeopardy clause does not require that one of the convictions be vacated despite the fact that they arose out of the same transaction. In the present case, the defendant's two convictions are neither factually nor legally dependent upon one another. Each of the convictions required proof of additional facts which the other did not. No double jeopardy violation occurred.

Affirmed.

1. CRIMINAL LAW — CONSTITUTIONAL LAW — PLEA OF GUILTY — DOUBLE JEOPARDY.

A plea of guilty or no contest does not constitute a waiver of a

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 476.

[2] 21 Am Jur 2d, Criminal Law §§ 188, 189.

Due process as violated by successive state criminal trials for single offense or for multiple offenses of the same character, committed simultaneously—Supreme Court cases. 2 L Ed 2d 2020.

defendant's right to assert a defense of double jeopardy in order to attack his conviction.

2. CRIMINAL LAW — CONSTITUTIONAL LAW — DOUBLE JEOPARDY — SEPARATE AND DISTINCT ACTS.

The double jeopardy clause does not prevent a defendant from being convicted and punished for two distinct criminal acts arising out of the same criminal transaction as long as the criminal acts are factually and legally independent of one another.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *Paul Burakoff,* Assistant Prosecuting Attorney, for the people.

*John Wilkinson,* for defendant on appeal.

Before: ALLEN, P.J., and D. F. WALSH and G. R. McDONALD,* JJ.

PER CURIAM. On April 30, 1979, defendant entered a plea of no contest to a charge of assaulting Corrections Officer John Haskell in violation of MCL 750.197(c); MSA 28.394(3), the charge arising from an incident which occurred on September 10, 1978. Defendant was sentenced to a term of 32 months to 4 years and appeals as of right.

Prior to the incident in question, defendant was an inmate at Kalamazoo Correction Center. On September 10, 1978, defendant was found to be in violation of a Correction Center rule and was summoned to the Correction Center office. After being told that he would be placed on some sort of restriction, defendant assaulted Corrections Officer Haskell and had to be subdued by Corrections Officers Haskell and Krietemeyer. The Kalamazoo police were then summoned to escort the defendant to jail. Upon being placed in the back seat of the police car, defendant kicked out the window of

* Circuit judge, sitting on the Court of Appeals by assignment.

the rear door. Separate warrants were issued charging defendant with malicious destruction of police property in violation of MCL 750.377b; MSA 28.609(2), and assaulting Corrections Officer Haskell. No attempt was made to consolidate the two cases.

In February, 1979, defendant was convicted by a jury of malicious destruction of police property. On April 30, 1979, defendant entered a plea of no contest to the present charge of assault after a motion to quash on grounds of double jeopardy was denied. Defendant now appeals claiming double jeopardy.

As a threshold matter, it has been held that a plea of guilty does not waive a defendant's right to attack his conviction based upon the defense of double jeopardy. *People v Grable,* 95 Mich App 20, 23; 289 NW2d 871 (1980), *People v Johnson,* 396 Mich 424, 444; 240 NW2d 729 (1976), *cert den* 429 US 951; 97 S Ct 370; 50 L Ed 2d 319 (1976). See also *Blackledge v Perry,* 417 US 21; 94 S Ct 2098; 40 L Ed 2d 628 (1974), *Robinson v Neil,* 409 US 505; 93 S Ct 876; 35 L Ed 2d 29 (1973). A plea of no contest no more waives the defense of double jeopardy than does a plea of guilty.

Defendant argues that his convictions for assaulting Corrections Officer Haskell and malicious destruction of police property violate double jeopardy as multiple punishments arising out of the same transaction. However, charging a defendant with, and convicting him of, separate and distinct offenses growing out of the same criminal episode does not in and of itself constitute a double jeopardy violation. *People v Schram,* 98 Mich App 292; 296 NW2d 840 (1980), *People v Stewart (On Rehearing),* 400 Mich 540; 256 NW2d 31 (1977), *People v Martin,* 398 Mich 303; 247 NW2d 303 (1976).

"[W]here [a] defendant is convicted and punished for two distinct criminal acts, factually and legally independent of one another, the double jeopardy clause does not require that one of the convictions be vacated, despite the fact that they arose out of the same transaction." *People v Flores,* 92 Mich App 130, 138-139; 284 NW2d 510 (1979).

See also *People v Terry Alexander,* 82 Mich App 621; 267 NW2d 466 (1978).

The Supreme Court has recently framed the issue in terms of whether the second charged offense is by definition, or factually, necessarily included within the greater offense. *People v Jankowski,* 408 Mich 79; 289 NW2d 674 (1980).

In the present case, the defendant's two convictions, assaulting Corrections Officer Haskell and malicious destruction of police property, are neither factually nor legally dependent upon one another. The facts indicate that the defendant had assaulted Corrections Officer Haskell and had been subdued before the Kalamazoo police had been summoned to escort the defendant to jail. After the police arrived and placed the defendant in the police car, the defendant kicked out the window of the rear door. Each of defendant's convictions required proof of additional facts which the other did not. No double jeopardy violation occurred. *People v Bryan,* 92 Mich App 208; 284 NW2d 765 (1979). *Blockburger v United States,* 284 US 299; 52 S Ct 180; 76 L Ed 306 (1932).

Affirmed.