PEOPLE v GRANT

Docket No. 78-4241. Submitted April 1, 1980, at Lansing.—Decided
    December 15, 1980. Leave to appeal applied for.

Gerald B. Grant was convicted of assault with intent to commit
    murder, Lapeer Circuit Court, Norman A. Baguley, J. The
    charge arose out of a gun battle between defendant and a
    Lapeer County sheriff's deputy who was attempting to appre-
    hend him a few minutes after defendant had robbed a store in
    Genesee County. Defendant was tried for and convicted of
    armed robbery in Genesee County prior to his Lapeer County
    conviction of assault with intent to commit murder. Defendant
    appeals by leave granted, alleging that the second trial and
    conviction violated his guarantee against double jeopardy and
    that he was denied effective assistance of counsel. *Held:*

    1. The test to be applied to a claim of double jeopardy is that
    of the "same transaction", under which multiple offenses exhib-
    iting a continuous time sequence and display of a single intent
    and goal must be tried in a single proceeding or be subject to a
    double jeopardy defense. In this case the two offenses did not
    evidence a single intent or goal. The fact that both of the
    criminal acts were committed within a short period of time
    does not, by itself, suggest the identity of intent necessary to
    raise a double jeopardy defense.

    2. Defendant alleges that defense counsel's failure to call
    several witnesses to testify, including the defendant himself,
    constituted ineffective assistance of counsel. The decision to
    present specific witnesses is a matter of trial strategy and will
    not support a claim of ineffective assistance of counsel.

    Affirmed.

    M. J. KELLY, J., dissented. He would hold that the two acts
    with which the defendant was charged arguably arose from the

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 189.
[3-5] 7 Am Jur 2d (Rev), Attorneys at Law § 56.
    21 Am Jur 2d, Criminal Law § 315.
Modern status of rules and standards in state courts as to adequacy
    of defense counsel's representation of criminal client. 2 ALR4th
    27.

same transaction, which would give rise to a double jeopardy defense. Judge KELLY concludes that defense counsel's failure to raise that defense in the second trial amounted to a failure to adequately protect the defendant's interests. He would reverse, or remand for a hearing at which the defendant could offer a factual and legal basis for a double jeopardy defense.

### OPINION OF THE COURT

1. CRIMINAL LAW — DOUBLE JEOPARDY — SAME TRANSACTION.

    The "same transaction" test for claims of double jeopardy requires that multiple offenses exhibiting a continuous time sequence and display of a single intent and goal must be tried in a single proceeding or be subject to a double jeopardy defense.

2. CRIMINAL LAW — DOUBLE JEOPARDY — IDENTITY OF INTENT.

    The fact that a defendant committed two criminal acts within a short period of time does not, by itself, suggest the identity of intent or goal behind the acts which is necessary to raise a valid double jeopardy defense where the two charges arising from the acts are tried separately.

3. CRIMINAL LAW — ATTORNEY AND CLIENT — EFFECTIVE ASSISTANCE OF COUNSEL — SERIOUS ERROR.

    Defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law and must conscientiously protect his client's interests, undeflected by conflicting considerations; where defense counsel's actions at trial produce a serious error but for which the defendant would have had a reasonable likelihood of acquittal, ineffective assistance of counsel will be found to have been established.

4. CRIMINAL LAW — ATTORNEY AND CLIENT — EFFECTIVE ASSISTANCE OF COUNSEL — TRIAL STRATEGY.

    The decision of defense counsel to present or not to present specific witnesses, including the defendant, is a matter of trial strategy and will not support a claim of ineffective assistance of counsel.

### DISSENT BY M. J. KELLY, J.

5. CRIMINAL LAW — ATTORNEY AND CLIENT — EFFECTIVE ASSISTANCE OF COUNSEL — DOUBLE JEOPARDY.

    *A defendant has not received effective assistance of counsel where he was tried separately on two charges which arguably arose from the same criminal transaction and where, in the second*

*trial, defense counsel failed to assert the defense of double jeopardy.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Earl H. Morgan, Jr.,* Prosecuting Attorney, and *Nick O. Holowka,* Chief Assistant Prosecuting Attorney, for the people.

*Taylor, Carter, Butterfield, Riseman, Clark & Howell, P.C.,* for defendant on appeal.

Before: BASHARA, P.J., and M. J. KELLY and D. R. FREEMAN,* JJ.

D. R. FREEMAN, J. Defendant was convicted by a jury of assault with intent to commit murder, contrary to MCL 750.83; MSA 28.278. In a subsequent proceeding, the trial court sentenced defendant to a life term of imprisonment. From the conviction and sentence, defendant appeals by leave granted.

On February 15, 1976, defendant committed an armed robbery when, while armed with a gun, he entered a Genesee County grocery store and demanded money. Defendant then left the robbery scene in a small yellow car and was seen headed in the direction of Lapeer County. Alerted by radio dispatch, Lapeer County Sheriff's Deputy John Young observed the defendant's vehicle about 15 minutes after the robbery. Officer Young's attempt to apprehend the defendant resulted in a gun battle, upon which the instant conviction was based. However, prior to his conviction for assault with intent to commit murder, defendant was convicted in Genesee County for armed robbery and received a sentence of 10 to 20 years inprison-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ment. The armed robbery conviction was affirmed by this Court in a memorandum opinion.

Defendant maintains that his second trial and conviction violated his constitutional guarantee against double jeopardy by imposing upon him separate trials for two criminal acts arising from the same transaction. *People v White,* 390 Mich 245; 212 NW2d 222 (1973), US Const, Am V. We disagree.

In *Crampton v 54-A District Judge,* 397 Mich 489, 499; 245 NW2d 28 (1976), the Supreme Court reaffirmed its adoption of the same transaction test for claims of double jeopardy, first espoused in *People v White, supra.* Applied to criminal acts requiring proof of intent, multiple offenses exhibiting " 'a continuous time sequence and display [of] a single intent and goal' " must be tried in a single proceeding or be subject to a double jeopardy defense. *Crampton, supra,* 499.

In its analysis, the *Crampton* Court specifically approved this Court's application of the same transaction test in a number of prior decisions. Among the approved decisions was that in *People v Charles Johnson,* 62 Mich App 240; 233 NW2d 246 (1975), in which the defendant was convicted and sentenced for prison escape. Thereafter, the defendant was permitted to plead guilty to a charge of assault with intent to commit a felony, for an assault committed on the day of his escape. The *Johnson* Court held:

"In the present case, the first element of the *White* same transaction test, that the crimes 'were committed in a continuous time sequence', may appear to be met because both offenses occurred on the same day. However, that fact alone does not make the offenses one long continuous transaction. *People v Martin, supra* [53 Mich App 321; 220 NW2d 186 (1974)]. Furthermore, the

crime of prison escape was completed at the time that
the defendant did 'leave said prison without being
discharged'. MCL 750.193; MSA 28.390.

"The second element, that the crimes' display a single
intent and goal', is not satisfied. The defendant could
not have assaulted the victim with the same intent and
goal that he had when escaping prison. The prison
escape was a completed act. The assault was an inde-
pendent act intended to allow the defendant to elude
capture. As such, while the assault was made possible
by the escape, the assault was a separate transaction."
*People v Charles Johnson, supra,* 248.

Additionally, in *People v Davenport (On Remand),*
51 Mich App 484; 215 NW2d 702 (1974), the Court
found double jeopardy violated by consecutive con-
victions for being a disorderly person and for
resisting arrest. The sequence of events was as
follows:

"When a police officer stopped defendant for a traffic
infraction, defendant allegedly refused to cooperate
with him and directed obscene epithets at him, and
then, when the officer attempted to arrest defendant
because of those epithets, defendant refused to submit
peacefully. The continuousness of the time sequence is
obvious. The unity of intent is also readily apparent—a
refusal to submit to a police officer's authority." *People
v Davenport, supra,* 486.

In *People v Rolston,* 51 Mich App 146; 214 NW2d
894 (1974), involving the robbery of a bar and the
kidnapping, rape and murder of a barmaid, the
Court found the defendant's guarantee violated. In
*Rolston,* the Court determined that the goal of the
murder (for which the defendant was initially
tried and acquitted) was the same as that for the
kidnapping (the defendant's second trial); in effect,
to spirit the defendant's accomplice out of the
country.

The facts of the present case do not evidence a single intent or goal as found in *Rolston.* An obvious goal of the armed robbery was to obtain money for whatever use the defendant intended. The later assault was aimed at evading police efforts to apprehend the defendant, a clearly different objective. Additionally, the offenses herein were not interrelated to the extent that they comprise an " 'essentially unitary criminal episode' ". *People v Charles Johnson, supra,* 248. At the time the defendant assaulted Officer Young, the armed robbery was successfully completed. Further, at no time was Officer Young present at the robbery scene, which would indicate a hot pursuit of the defendant. Although the defendant's criminal acts were committed within a short period of time, that evidence alone does not suggest the identity of intent or goal behind the acts necessary to raise a valid double jeopardy defense. In the absence of shared intent or goal, the defendant's second trial was not violative of his guarantee against double jeopardy.

Defendant also claims he was denied the effective assistance of defense counsel. He argues that defense counsel's failure to subpoena or call for testimony Constance Caldwell, who worked at a mental hospital to which defendant was previously assigned and who lived with defendant after his release from the institution, was fatal to his defense of insanity. As further proof of ineffective assistance, the defendant alleges that defense counsel announced he would present five other witnesses to testify regarding the defendant's mental condition, but failed to subpoena or call them. Finally, defendant asserts ineffective assistance in defense counsel's refusal to call the defendant to testify.

In *People v Garcia,* 398 Mich 250, 264; 247 NW2d 547 (1976), the Michigan Supreme Court rejected the former "sham" test for finding ineffective assistance of counsel in favor of a test first established in *Beasley v United States,* 491 F2d 687, 696 (CA 6, 1974). The *Beasley* test, adopted by the *Garcia* Court, provides:

"Defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law and must conscientiously protect his client's interests, undeflected by conflicting considerations."

See also *People v Roberson,* 90 Mich App 196; 282 NW2d 280 (1979). Further, where defense counsel's actions at trial produce a "serious error but for which defendant would have had a reasonable likelihood of acquittal", ineffective assistance will be found to have been established. *People v Knight,* 94 Mich App 526, 528; 288 NW2d 649 (1980).

Our courts have consistently held that the decision to present specific witnesses is a matter of trial strategy and will not support a claim of ineffective assistance of counsel. *People v Gibson,* 94 Mich App 172; 288 NW2d 366 (1979), *People v Roberson, supra.* Also, a defendant is required to show prejudice under a claim of defense counsel unpreparedness. *People v Krist,* 93 Mich App 425; 287 NW2d 251 (1979). Thus, although possibly helpful to the defense of insanity, defense counsel's failure to subpoena and call certain witnesses does not suggest a trial strategy outside the acceptable bounds of representation. Further, defense counsel presented the expert testimony of a psychiatrist, Dr. Dennis Koson. On cross-examination by the prosecutor, Dr. Koson testified that the defendant was not insane on the day of the robbery and

assault. Although such testimony was not suppor-
tive of the defendant's claim of insanity, the mere
fact that defense counsel presented Dr. Koson does
not constitute proof of ineffective assistance. *Peo-
ple v Robideau,* 94 Mich App 663, 668-669; 289
NW2d 846 (1980). Finally, defense counsel's deci-
sion not to call the defendant for testimony is a
matter of trial strategy and does not support the
defendant's ineffective assistance claim.

Affirmed.

BASHARA, P.J., concurred.

M. J. KELLY, J. *(dissenting).* With some regret I
find that in this criminal proceeding defense coun-
sel did not perform with ordinary training and
skill in the criminal law.

It is impossible to say with any confidence
whether the armed robbery committed in Genesee
County and the shoot-out with the police officer in
Lapeer County should have been joined because
they arose out of the same transaction. The major-
ity has decided that defendant was not denied his
constitutional right to freedom from double jeop-
ardy. Perhaps it is justifiable under *Crampton v
54-A District Judge,* 397 Mich 489; 245 NW2d 28
(1976), but it is very difficult for me to reconcile
the facts in this case with the facts which un-
locked Rolston in *People v Rolston,* 51 Mich App
146; 214 NW2d 894 (1974). Perhaps it would be
possible to throw under a blanket all defendant's
wishes "to leave the counties" in which he was
subject to apprehension, as Rolston wished to leave
the country. In any event, the time sequence here
is well within the contemplation of the time se-
quences in *Rolston, People v White,* 390 Mich 245;
212 NW2d 222 (1973), and *People v Jackson,* 391
Mich 323; 217 NW2d 22 (1974).

The intent and goal problem is not so simple. The majority has decided defendant's intent and goals were different in each crime as did the Supreme Court in *Jackson.* However, a realistic view of the instant proceedings bespeaks a substantially similar intent and goal herein. Defendant's actions were focused upon the goal of robbing the grocery store and returning to a secure place with the loot. The interim shooting episode was arguably a part of his overall plan and intent as was the actual taking of money and although it is a separate and distinct offense it is part of the same episode. Compare *People v Haynes,* 100 Mich App 306; 298 NW2d 732 (1980), citing *People v Flores,* 92 Mich App 130; 284 NW2d 510 (1979). Taken together, these actions could be said to comprise but one criminal transaction, the trial for which should have joined all potential charges.

Because of the above analysis, I must disagree with the majority's holding that defendant received the effective assistance of counsel. In *Beasley v United States,* 491 F2d 687, 696 (CA 6, 1974), the case from which our Supreme Court adopted the "ordinary training and skill" effective assistance standard, the Federal Court of Appeals also held:

"Defense counsel must investigate all apparently substantial defenses available to the defendant and must assert them in a proper and timely manner."

In *People v Green,* 96 Mich App 104, 109; 292 NW2d 142 (1980), this Court held that a determination of ineffective assistance, based upon counsel's failure to raise a defense, would depend on "whether the defense which counsel failed to raise was a substantial one". And in *People v Foster,* 77 Mich App 604, 609; 259 NW2d 153 (1977), the

Court defined the term substantial as "whether the assertion of a defense might have made a difference in the outcome of the trial", citing *People v Lewis,* 64 Mich App 175, 185; 235 NW2d 100 (1975).

I am unable to agree with the majority's apparent conclusion that assertion of defendant's same transaction/double jeopardy defense could not have affected the outcome of his trial. The facts of this case do not fall clearly within the class of cases finding two or more distinct offenses, for which individual trials could be held. Had defense counsel raised the double jeopardy question prior to trial, the lower court "might have" found the defense valid and quashed the entire proceeding. Defense counsel's failure to assert the double jeopardy defense under the facts presented was a patent failure to adequately protect defendant's interests and should not be countenanced by this Court. It was a "serious mistake". I would reverse defendant's conviction or at the very least remand the case to the trial court for further findings at a hearing in which the defendant, through counsel, would offer a factual and legal predicate for a same transaction/double jeopardy defense.