PEOPLE v McVAY

Docket No. 70065. Submitted December 13, 1983, at Grand Rapids.—
Decided April 20, 1984.

Defendant, John R. McVay, II, was convicted by a jury in the
Charlevoix Circuit Court of felonious assault, Martin B. Breigh-
ner, J. Defendant appeals alleging that he was denied effective
assistance of counsel, first, because his trial counsel failed to
assert the substantial defense that defendant had been reason-
ably defending his proprietory rights in the property in dispute
that was involved in this case, and second, because his trial
counsel did not properly prepare to introduce independent
witness Joseph Fitzek's testimony. *Held:*

1. The assertion of the theory of defense of a proprietary
interest might well have made a difference in the outcome of
the trial. Defense counsel therefore made a serious mistake in
not asserting that defense and requesting instructions thereon
and consequently defendant was deprived of a fair trial.

2. Defendant was prejudiced as a result of the unprepared-
ness of defense counsel in regard to witness Fitzek's testimony.

Reversed.

1. CRIMINAL LAW — ATTORNEY AND CLIENT — ASSISTANCE OF COUN-
SEL — FAILURE TO ASSERT A DEFENSE.

A defendant whose trial attorney fails to assert a substantial
defense and request jury instructions thereon is deprived of a
fair trial as a result of his trial counsel's ineffective assistance
where the assertion of the theory of defense might well have
made a difference in the outcome of the trial.

2. CRIMINAL LAW — ATTORNEY AND CLIENT — ASSISTANCE OF COUN-
SEL — PREJUDICE.

A showing of prejudice resulting from the unpreparedness of trial

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21A Am Jur 2d, Criminal Law § 984 *et seq.*

Modern status of rules and standards in state courts as to adequacy
of defense counsel's representation of criminal client. 2 ALR4th
27.

counsel is required for a finding of ineffective assistance of counsel based thereon.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Scott T. Beatty,* Prosecuting Attorney, and *Jann Ryan Baugh,* Assistant Attorney General, for the people.

*Hurwitz & Karp, P.C.* (by *Howard I. Wallach),* for defendant on appeal.

Before: D. E. HOLBROOK, JR., P.J., and BRONSON and R. L. TAHVONEN,* JJ.

PER CURIAM. Defendant was convicted by a jury of felonious assault, MCL 750.82; MSA 28.277. Thereafter, defendant was sentenced to two years probation subject to the following conditions: Defendant was to pay a $2,000 fine, attend a personal counseling program and serve six months in the Charlevoix County Jail beginning on January 14, 1982, for 60 days with the balance to be held in abeyance. Defendant appeals as of right.

First, defendant claims that he was denied effective assistance of counsel because his trial counsel failed to assert the substantial defense that defendant was reasonably defending his proprietary rights in the property in dispute. We have reviewed the facts of this case and find that defendant's claim is meritorious. We find that the assertion of the theory of defense of a proprietary interest might well have made a difference in the outcome of the trial at bar. See *People v Foss,* 80 Mich 559; 45 NW 480 (1890); *People v Lewis,* 64 Mich App 175, 184; 235 NW2d 100 (1975). Defense

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

counsel therefore made a serious mistake in not asserting the defense and requesting instructions thereon and consequently defendant was deprived of a fair trial.

Defendant also claims that he was denied effective assistance of counsel because defense counsel did not properly prepare to introduce independent witness Joseph Fitzek's testimony. Having reviewed the record we agree.

Under a claim of unpreparedness of counsel, defendant is required to show prejudice. *People v Grant,* 102 Mich App 368, 374; 301 NW2d 536 (1980). Fitzek's testimony was important to defendant's case in general to lend credibility to his version of the facts. Because of the two very different accounts of the incident, credibility was a crucial issue. Fitzek was a neutral witness in the sense that he had no interest in the dispute of the parties and, indeed, his testimony was against his own interests. His testimony would therefore have been of much help to defendant's case. Had the jurors heard this testimony, one or more of them may well have accepted defendant's version of the facts and his theory of the case. Fitzek's testimony becomes especially crucial in light of the defense of defending a proprietary interest. Defendant would otherwise be hard put to prove, on his say-so alone, that he reasonably believed the disputed property was for his use.

Resolution of the foregoing being dispositive, we need not address defendant's remaining allegations of error, which we have reviewed and find to be without merit. See *People v Nickson,* 120 Mich App 681, 685; 327 NW2d 333 (1982); *People v Caldwell,* 78 Mich App 690, 692; 261 NW2d 1 (1977).

Reversed.