774 F.2d 1162
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gerald Bernard Grant, Petitioner-Appellant,
v.
William Abshire, and Attorney General of the State of
Michigan, Respondents-Appellees.
 No. 83-1468
 United States Court of Appeals, Sixth Circuit.
 9/26/85
 
 W.D.Mich.
 AFFIRMED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN
 BEFORE: LIVELY, Chief Judge; MARTIN, Circuit Judge; and RUBIN, District Judge*.
 PER CURIAM.
 
 
 1
 The petitioner appeals from a judgment of the district court denying his application for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. We have considered the petitioner's pro se brief as well as the brief of his appointed counsel, the brief on behalf of the respondents and the record on appeal.
 
 
 2
 Petitioner robbed a grocery store and, following an exchange of gun fire with a police officer, was taken into custody. In separate trials petitioner was convicted by a jury of armed robbery in Genesee County and of assault with intent to commit murder in Lapeer County, Michigan. The Michigan Court of Appeals affirmed the conviction for assault with intent to commit murder, holding that his two trials do not violate the constitutional prohibition of double jeopardy and that petitioner's trial counsel was not ineffective. People v. Grant, 102 Mich. App. 368 (1980). The Michigan Supreme Court denied a delayed application for leave to appeal. People v. Grant, 411 Mich. 1049-50 (1981). In this habeas corpus proceeding the petitioner raised the same two issues--that he had been subjected to double jeopardy and had been denied the effective assistance of counsel in his trial on the charge of assault with intent to commit murder. The district court referred the matter to a magistrate who filed a comprehensive report with a recommendation that the petition for a writ of habeas corpus be denied. Following consideration of petitioner's written objections to the magistrate's report and recommendation and de novo review, the district court approved and adopted the report and recommendation as the decision of the court and denied relief.
 
 
 3
 Though arguments have been made, based primarily on Michigan law, that the successive trials constituted double jeopardy, it is clear that under the federal standard set forth in Blockburger v. United States, 284 U.S. 299, 304 (1932), there was no double jeopardy. The two offenses with which petitioner was charged clearly required proof of different facts and thus constituted separate offenses. As to the second issue, petitioner maintains, and his appointed counsel has forcefully argued, that trial counsel rendered ineffective assistance in failing to call lay witnesses to support the defense of insanity. Trial counsel argued that petitioner's action in drawing a gun when confronted by a police officer arose out of a severe depression and suicidal tendency rather than an attempt to avoid arrest. In the habeas corpus proceeding petitioner has maintined that lay witnesses who were familiar with his depressed state at the time of the occurrence should have been subpoenaed and called as witnesses at the trial. Petitioner also contends that his trial counsel failed in his duty to present medical records which would support the insanity defense.
 
 
 4
 The record discloses that trial counsel made a timely motion for a psychiatric evaluation by a court-appointed psychiatrist, that this psychiatrist did review petitioner's medical records and did interview the petitioner. The psychiatrist concluded that petitioner was not legally insane, though he described reactions of the petitioner which would support the Michigan defense of 'diminished capacity.' On redirect examination this witness was asked a hypothetical question which dealt with petitioner's mental condition at the time he committed the robbery and fired shots at the police officer. In addition to this testimony, trial counsel elicited from the psychiatrist testifying for the State that, while he did not consider petitioner legally insane, there was room for honest disagreement.
 
 
 5
 In Strickland v. Washington, ---- U.S. ---- 104 S.Ct. 2052 (1984), the Supreme Court of the United States outlined in the greatest detail to date the considerations involved in determining whether a criminal defendant has received effective assistance of counsel. In doing so the Court stated, '[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.' Id. at 2064. In order to establish ineffective assistance of counsel under this test a defendant must prove that his counsel's performance was actually deficient and that this deficient performance prejudiced him by depriving him of a fair trial. The Constitution does not require perfect representation but only reasonably effective assistance of counsel, and a defendant must overcome the presumption that counsel's performance was effective. Id. at 2064 and 2066. Where the performance of counsel is not shown to be so deficient as to amount to a constructive denial of counsel 'altogether' there is no presumption of prejudice and the defendant must show a 'reasonable probability' that a different result would have been reached except for counsel's errors or deficiencies. Id. at In the long run, claims of ineffective assistance of counsel are resolved by applying a standard of 'fundamental fairness.' Id. at 2070.
 
 
 6
 Considering the facts of this case in the light of Strickland, we conclude that the petitioner did not establish ineffective assistance of counsel. Trial counsel was faced with the fact that neither psychiatrist, the one testifying on behalf of the State or the one called by petitioner, had concluded that petitioner was legally insane. Therefore, since he could not deny the acts on which the charges were based, his only defense was diminished capacity. Our review of the record convinces us that the decision to rely on the testimony of the expert witness to the exclusion of lay witnesses was reasonable under all of the circumstances. On redirect examination his expert witness testified that petitioner had showed signs of emotional problems since adolescence, that the pressures had built up upon reaching adulthood and that his condition could be characterized as a mental disease. In summary, trial counsel presented the only defense available and bolstered it with the opinions of a qualified psychiatrist which appear to be as favorable to petitioner as any available. That trial counsel concluded not to call lay witnesses in such a situation is not evidence of ineffective assistance of counsel. Since the psychiatrist testified that he was familiar with petitioner's medical records, trial counsel also did not render ineffective assistance in failing to subpoena those records.
 
 
 7
 The judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Carl Rubin, Chief Judge, United States District Court for the Southern District of Ohio, sitting by designation